Filed 5/18/26  P. v. Duong CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B342586 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA230370) |
| v. | |
| MAN COOC DUONG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Elliott Veals, Judge.  Affirmed as modified.

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Seth P. McCutcheon and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Man Duong appeals after the trial court denied his "petition to vacate restitution fines." In his opening brief, he contends this court should modify the judgment to vacate the restitution fine, pursuant to Penal Code section 1465.9, subdivision (d),[1] which requires that "any portion of a judgment imposing [restitution] fines shall be vacated" after 10 years. In his reply brief, defendant acknowledges that the fine has been vacated by operation of law and requests that this court direct the trial court to correct the abstract of judgment. We agree that defendant's proposed disposition is appropriate.

## BACKGROUND

In 2003, defendant was convicted, by jury trial, of second degree murder. Defendant was sentenced to a prison term of 15 years to life and ordered to pay a $10,000 restitution fine pursuant to section 1202.4, subdivision (b).

In October 2024, defendant filed what he entitled a "petition to vacate restitution fines pursuant to Penal Code § 1465.9(b) and Assembly Bill 1186." Petitioner asserted that his restitution fine was "in excess of 10 years [old] and provisionally eligible to be vacated under new law." He requested that an "[a]bstract of the order" be sent to the state prison.

The trial court denied the petition, stating, "Fines imposed by the court are not rescinded by Penal Code section 1465.9."

## DISCUSSION

Effective January 1, 2025, Assembly Bill No. 1186 (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d). The statute now provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (§ 1465.9, subd. (d).)

Both parties agree that defendant's restitution fine was effectively vacated when section 1465.9, subdivision (d) went into effect. (See *In re Mattison* (2025) 115 Cal.App.5th 1062, 1069 (*Mattison*).) It is also

---

[1] Unspecified section references are to the Penal Code.

undisputed that, when defendant filed his petition in 2024, the statute did not yet apply.[2]

The People urge us to dismiss this appeal as moot, without prejudice to defendant filing a motion in the trial court to correct the abstract of judgment to reflect the restitution fine has been vacated. Such a motion was noted as a permissible remedy in *Mattison, supra,* 115 Cal.App.5th at page 1069, where the court simultaneously expressed doubt that such a motion is necessary.[3]

In the instant case, as defendant points out, he has already filed a motion in the trial court, albeit prematurely. In the interests of judicial economy, we will direct the trial court to correct the abstract of judgment to reflect that the restitution fine has been vacated.

---

[2] Defendant's petition cited to both Assembly Bill No. and section 1465.9, subdivision (b), which did not apply to restitution fines but rather to certain statutory "court-imposed costs."

[3] The *Mattison* court took judicial notice of a California Department of Corrections and Rehabilitation (CDCR) policy document stating that its system "was being updated to ensure that collections on fines 'automatically cease' when required by section 1465.9(d). [Citations.]" (*Mattison, supra,* 115 Cal.App.5th at p. 1070.) The court noted, "It is reasonable to expect that CDCR's system functions to ensure that defendants ordinarily need take no action to ensure that their restitution fine is treated as uncollectable at the proper time." (*Ibid.*)

## DISPOSITION

The judgment is affirmed. The trial court shall prepare a corrected abstract of judgment reflecting that the restitution fine has been vacated. The trial court shall then forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COGLIATI, J.[*]

We concur:

ZUKIN, P. J.

TAMZARIAN, J.

---

[*] Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.